Daniel, Judge,
 

 .after stating the case as above, proceeded : — Judge Story, in delivering his opinion in the case of
 
 Trecothick
 
 v.
 
 Austin,
 
 4 Mason’s Rep.
 
 32,
 
 said, that the general position stated at the bar, that no executor or
 
 *25
 
 administrator appointed under a foreign government, can, in virtue of such appointment, sue in our courts, is ted. But payments voluntarily made to a foreign administrator would now be held effectual in our courts upon the principles of national comity. This doctrine is supported by
 
 Atkins
 
 v.
 
 Smith,
 
 2 Atk. 63, and still more fully and forcibly illustrated by the opinion of Chancellor Kent in the case of
 
 Doolittle
 
 v.
 
 Lewis,
 
 7 John. C. R. 45. The Chancellor in that case said, (page 49) that an executor or administrator of a creditor, dying in another state, and becoming lawfully possessed, as part of his assets, of a bond given and secured by a mortgage upon the lands in this state, is competent, as I should apprehend, to receive payment, and give an acquittance, without first resorting to the Court of Probates here. The defendant here took charge of the money to prevent its being wasted. She, without any knowledge of the plaintiff’s claim, or of anv creditors in this state, honestly paid it over to the Georgia administrator. We are of the opinion, that whatever might be the liability of the defendant toa North Carolina creditor, on which we do not decide, nevertheless, as in this case the assets for which it is endeavoured to render her responsible, have been placed in the hands of the proper representative of the deceased in the state where he was domiciled, and where the plaintiff is domiciled, and are there liable to the demand of the plaintiff as they should be according to the laws of that state, the plaintiff cannot claim that she was executrix of her own wrong.
 

 Per Curiam. Judgment affirmed.